PROB 12C(d)
(03/06)

Received in Chambers
AUG 19 2008
Roger T. Benitez
U.S. District Judge

FILED
AUG 25 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Javier PONTAZA-Arrieta (Spanish)            **Dkt No.:** 07-CR-3064-001-BEN

**Reg. No.:** 20220-359

**Name of Sentencing Judicial Officer:** The Honorable Roger T. Benitez, U.S. District Judge

**Date of Sentence:** December 10, 2007

**Original Offense:** 8 U.S.C. § 1326(a), Deported Alien Found in the United States, a Class E felony

**Sentence:** 60 days' custody; 1 year supervised release.    *(Special Conditions: Not reenter the United States illegally; if deported not reenter the United States. Supervision waived upon deportation.)*   $100 special assessment

**Type of Supervision:** Supervised Release          **Date Supervision Commenced:** December 14, 2007

**Asst. U.S. Atty.:** Rebecca S. Kanter             **Defense Counsel:** Howard B. Frank (Appointed)
                                                                    (619) 574-1888

**Prior Violation History:** None.

---

## PETITIONING THE COURT

## TO ISSUE A NO-BAIL BENCH WARRANT

PROB 12C(d)

| | |
|---|---|
| Name of Offender: Javier PONTAZA-Arrieta | August 18, 2008 |
| Docket No.: 07-CR-3064-001-BEN | Page 2 |

The probation officer believes that the offender has violated the following condition(s) of supervision:

**CONDITION(S)**            **ALLEGATION(S) OF NONCOMPLIANCE**

**(Mandatory Condition)**
Not commit another federal, state, or local crime. *(nv1)*

1. On or about May 14, 2008, Mr. Pontaza-Arrieta, a previously deported alien, was found in the United States in violation of 8 U.S.C. § 1326, as evidenced by his conviction in the U.S. District Court, Southern District of California, Docket No. 08-CR-1952-001-IEG.

**(Special Condition)**
If deported, or returned to Mexico, not reenter the United States illegally and report to the probation officer within 24 hours of any reentry to the United States. *(nv35)*

2. On or about May 14, 2008, Mr. Pontaza-Arrieta, a previously deported alien, was found in the United States, as evidenced by his conviction in the U.S. District Court, Southern District of California, Docket No. 08-CR-1952-001-IEG.

***Grounds for Revocation***: As to allegations 1 and 2, I received and reviewed the complaint (with probable cause statement) and information, which confirmed the following: On the above date, Mr. Pontaza-Arrieta, along with eight other subjects, was seen by a U.S. Border Patrol agent in an area approximately five miles west of the San Ysidro, California, Port of Entry, and approximately 100 yards north of the United States/Mexico International Boundary. When the agent conducted an immigration inspection, all subjects including Mr. Pontaza-Arrieta, admitted to being citizens and nationals of Mexico without having any immigration documents allowing them to be or remain in the United States legally.

On June 12, 2008, an information was filed in the U.S. District Court, Southern District of California, Docket No. 08-CR-1952-001-IEG, charging Mr. Pontaza-Arrieta with a violation of 18 U.S.C. § 1001, False Statement to a Federal Officer. On August 6, 2008, Mr. Pontaza-Arrieta pled guilty as charged and was sentenced to 6 months' imprisonment with 3 years' supervised release to follow.

PROB 12C(d)

| | |
|---|---|
| Name of Offender: Javier PONTAZA-Arrieta | August 18, 2008 |
| Docket No.: 07-CR-3064-001-BEN | Page 3 |

**U.S. Probation Officer Recommendation:** If found in violation, that supervised release be revoked and the offender be sentenced to 10 months' custody, consecutive to any sentence he may be serving, pursuant to USSG §7B1.3(f), p.s. (An Expanded Violation Worksheet, 12CW(d), has been attached for the Court's review.)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 18, 2008

Respectfully submitted:

Mark R. Reinhardt
Supervising U.S. Probation Officer

Attachments

/pjk

PROB 12C(d)

Name of Offender: Javier PONTAZA-Arrieta                                         August 18, 2008
Docket No.: 07-CR-3064-001-BEN                                                                    Page 4

## THE COURT ORDERS:

__X__   A NO-BAIL BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS.

(Currently detained at Metropolitan Correctional Center, San Diego, California, under Registration No. 20220-359)

_____  Other _____

_____          _____
The Honorable Roger T. Benitez                                              Date
U.S. District Judge

# EXPANDED VIOLATION WORKSHEET

1. **Defendant:** PONTAZA-Arrieta, Javier

2. **Docket No.** (Year-Sequence-Defendant No.): 07-CR-3064-001-BEN

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7B1.1):

   | Violation(s) | Grade |
   |---|---|
   | Deported Alien Found in the United States | B |

4. **Most Serious Grade of Violation** (*See* USSG § 7B1.1(b))  [B]

5. **Criminal History Category** (*See* USSG § 7B1.4(a))  [I]

6. **Statutory Maximum Term** (*Custody*) (*See* 18 U.S.C. § 3583(e)(3))
   Upon finding of a violation, the court may modify the conditions of supervision; extend the term if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. If the court revokes supervised release, the maximum term of imprisonment upon revocation is:  [12 months]

7. **Range of Imprisonment** (*Custody*) (*See* USSG § 7B1.4(a))
   A Grade B violation with a Criminal History Category I establishes an imprisonment range of:  [4-10 months]

8. **Statutory Maximum Term** (*Supervised Release*) (*See* 18 U.S.C. § 3583(b))
   If supervised release is revoked and the offender is required to serve a term of imprisonment, the court can reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. In this case, the court has the authority to reimpose a term of:  [12 months]

9. **Recommendation:**  [10 months' custody, consecutive to any other sentence being served. *See* USSG § 7B1.3(f)- w/ no supervised release to follow]

_____

August 18, 2008
Date